UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN RANDOLPH WOOD,<br>Petitioner,<br>v.<br>JOSIE GASTELO, Warden,<br>Respondent. | No. 2:16-cv-2621 MCE KJN P<br><br>ORDER |

Petitioner is a state prisoner, proceeding pro se and in forma pauperis. Petitioner is pursuing a petition for a writ of habeas corpus under 28 U.S.C. § 2254. On March 13, 2017, respondent filed a motion to dismiss the petition on the grounds that claims 1 - 6 are unexhausted. In the motion, respondent notes that petitioner's state habeas petition in the California Supreme Court, in which petitioner appeared to be attempting to exhaust claims 1-6, was still pending. (ECF No. 16 at 2; 3, n.1.) With his petition, petitioner filed a motion to stay this action pending exhaustion. Respondent opposes petitioner's request to stay this action based on petitioner's failure to demonstrate good cause for the delay.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the

highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).[1]

On April 6, 2017, petitioner filed a notice stating that the California Supreme Court issued a decision on the merits of petitioner's claims, fully exhausting all grounds for relief contained in the instant petition. (ECF No. 20 at 1.) Petitioner provided a copy of the order. In re Benjamin Randolph Wood on Habeas Corpus, No. S239484 (Cal. March 22, 2017). (ECF No. 20 at 5.) The state court petitions have now been addressed; thus, no stay is required. It appears the instant petition is now exhausted, rendering moot respondent's motion to dismiss unexhausted claims.[2]

Respondent is directed to file a response to petitioner's habeas petition within sixty days.

Finally, petitioner filed a motion to amend his petition to provide relevant transcripts. (ECF No. 19 at 15.) However, petitioner is not required to submit transcripts with his petition. Because petitioner does not seek to amend his claims, his motion to amend is denied without prejudice. The exhibits provided with his motion to amend will remain in the court file and may be referred to by any party. (ECF No. 19-1.)

In accordance with the above, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (ECF No. 16) is denied as moot;

2. Petitioner's motion for stay (ECF No. 1 at 13-15) is denied as moot;

3. Respondent is directed to file a response to petitioner's habeas petition within sixty days from the date of this order. See Rule 4, 28 U.S.C. foll. § 2254. An answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the petition. See Rule 5, 28 U.S.C. foll. § 2254;

4. If the response to the habeas petition is an answer, petitioner's reply, if any, shall be filed and served within thirty days after service of the answer;

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

[2] This ruling does not address the application of the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year limitation period.

5. If the response to the habeas petition is a motion, petitioner's opposition or statement of non-opposition to the motion shall be filed and served within thirty days after service of the motion, and respondent's reply, if any, shall be filed and served within fourteen days thereafter; and

6. Petitioner's motion to amend (ECF No. 19 at 15) is denied without prejudice.

Dated: April 14, 2017

*Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/wood2621.100.mtd